UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

RAFAEL RAMIREZ,

        Defendant.

Case No. CR21-108RSM

ORDER DENYING MOTION PURSUANT TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821

Before the Court is Defendant Rafael Ramirez's one-page Motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. Dkt. #492. The Government filed a Response on January 17, 2024. Dkt. #497. Mr. Ramirez has not filed a timely reply. *See* Dkt. #494 (setting reply deadline within seven days of the Response).

In January 2023, Mr. Ramirez pleaded guilty to the crime of Conspiracy to Distribute Controlled Substances. Dkt. #393. Ramirez admitted to obtaining and re-selling at least 500 grams of cocaine over a period of several months as part of a larger drug trafficking organization. The Presentence Investigation Report recommended adding two offense levels pursuant to USSG § 2D1.1(b)(2) due to Ramirez making a credible threat of and directing violence against two co-defendants to avoid responsibility for his offense. Dkt. #434 at ¶ 65.

ORDER DENYING MOTION PURSUANT TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821 - 1

Because this same conduct involved an attempt to threaten, intimidate, or unlawfully influence co-defendants, the Presentence Investigation Report recommended an additional two-level increase for obstruction of justice. *Id.* at ¶ 68. At the sentencing hearing on June 16, 2023, this Court agreed that Mr. Ramirez made a threat to use violence and obstructed or attempted to obstruct the administration of justice, and thus confirmed the increase of four levels. However, the Court found that the Defendant was entitled to credit for acceptance of responsibility, and thus awarded a three-level downward adjustment. Accordingly, the Court found that the Total Offense Level was 25, and the applicable range at Category I was 57 to 71 months. Mr. Ramirez was sentenced to 66 months. Dkt. #465. He continues to serve this sentence, with a BOP projected release date in January 2026.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including the amendment below, and has articulated the policy and proper procedure for implementing those amendments.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level

ORDER DENYING MOTION PURSUANT TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821 - 2

reduction for many offenders who present zero criminal history points. The new provision states:

> Adjustment for Certain Zero-Point Offenders
>
> (a) ADJUSTMENT.— If the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1. On August 24, 2023, the Commission decreed that this change applies retroactively.

The Court agrees with the Government that Mr. Ramirez does not qualify as a Zero Point Offender under the new provisions in § 4C1.1(a)(1)-(10) because he fails to meet all ten of the requisite criteria. Specifically, he fails to meet the third requirement: "(3) the defendant did not use violence or credible threats of violence in connection with the offense." Mr.

ORDER DENYING MOTION PURSUANT TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821 - 3

Ramirez offers no responsive argument to this point.  Because a defendant must meet all ten criteria, the Court's finding that Mr. Ramirez threatened violence against his co-defendants in an attempt to avoid responsibility for the offense is disqualifying.  Accordingly, Amendment 821's retroactive Zero Point Offender amendment does not reduce Mr. Ramirez's sentencing range, and his motion must be denied.  The Court need not consider the § 3553(a) factors.

Having considered Defendant's motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Dkt. #492, is DENIED.

DATED this 29th day of January, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION PURSUANT TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821 - 4